8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. MACIEL, Petitioner-Appellant,
v.
Eddie YLST, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 92-56283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Dario Maciel, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Finding that Maciel's claims were without merit, the district court denied Maciel's petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo the district court's denial of a petition for habeas corpus. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). Factual findings by state trial and appellate courts are presumed to be correct, pursuant to 28 U.S.C. § 2254(d), unless one of the eight exceptions enumerated in section 2254(d) applies. See Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Palmer v. Estelle, 985 F.2d 456, 458 (9th Cir.), cert. denied, 113 S.Ct. 3051 (1993).
 
 Background
 
 4
 Maciel was convicted, following a jury trial, of four counts of lewd and lascivious acts by force with a child under the age of fourteen, two counts of lewd and lascivious acts with a child under the age of fourteen, one count of endangering the life or health of a child, and one misdemeanor count of child endangering. Maciel was also charged with three prior felony convictions which were found to be true. Maciel was denied probation and sentenced to forty-two years, four months imprisonment.
 
 
 5
 The two victims were Maciel's stepdaughters, age nine and ten at the time of trial. Maciel was found to have molested the two children while their mother was hospitalized in November 1985.
 
 
 6
 In his petition, Maciel claims that: (1) there was insufficient evidence to convict him on count five and count six; (2) the trial court improperly allowed him to represent himself at trial; (3) he was denied a fair trial because he was deprived of necessary medicine during his trial; (4) he was denied a fair trial because of prosecutorial misconduct; (5) the jury was discharged without returning unanimous verdicts; (6) his sentence under California Penal Code § 667(a) is unconstitutional; (7) the allegations in the information were not sufficiently specific; (8) the trial court improperly compelled the jury to continue deliberations after it reported that it was deadlocked; and (9) he was denied effective assistance of counsel at trial and on appeal.
 
 Sufficiency of the Evidence
 
 7
 Maciel contends that there was insufficient evidence to convict him on count five, a lewd and lascivious act by force with a child under the age of fourteen in violation of California Penal Code § 288(b), and count six, a lewd and lascivious act with a child under the age of fourteen in violation of California Penal Code § 288(a). Specifically, Maciel argues that on cross-examination the victim testified that she could not remember the alleged incidents and that no force was used against her.
 
 
 8
 In determining whether the evidence is sufficient to sustain a conviction, we must review that evidence in the light most favorable to the prosecution and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 320 (1979); Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992). If the record could support conflicting inferences, we "must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326.
 
 
 9
 Here, counts five and six involve acts with respect to the younger of the two victims. On direct examination both victims gave specific details of the lewd acts and beatings. The older victim gave eyewitness accounts of the lewd acts and beatings Maciel committed on the younger victim. Although the younger victim did give contradictory testimony on cross-examination, we must presume that the jury resolved the contradictions in favor of the prosecution, and must defer to that resolution. Jackson, 443 U.S. at 326. Therefore, reviewing all the evidence in the light most favorable to the prosecution, we conclude that a rational factfinder could have found that Maciel was guilty beyond a reasonable doubt. See Jackson, 443 U.S. at 320; Mikes, 947 F.2d at 356.
 
 Request of Self Representation
 
 10
 Maciel contends that the trial court erred in permitting him to represent himself at trial. Specifically, Maciel contends that the trial court did not inquire whether Maciel understood the charges, possible penalties, and dangers of self-representation. This contention lacks merit.
 
 
 11
 A criminal defendant has the right to waive his right to counsel and represent himself, provided that the waiver is knowing, intelligent, and voluntary. Faretta v. California, 422 U.S. 806, 835 (1975). In order to forego the assistance of counsel, the request must be made knowingly and intelligently, timely, and not for purposes of securing delay. Adams v. Carroll, 875 F.2d 1441, 1444 n. 3 (9th Cir.1989).[1] In order to make a knowing and intelligent request, "a criminal defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation." United States v. Balough, 820 F.2d 1485, 1487 (9th Cir.1987). A criminal defendant's technical legal knowledge is not relevant to an assessment of his knowing exercise of the right to defend himself. Faretta, 422 U.S. at 836.
 
 
 12
 Here, the record indicates that the trial court adequately warned Maciel of the risks of waiving his right to an attorney. Moreover, before the trial court acted on Maciel's motion, the prosecution indicated that kinds of evidence it intended to proffer and the kinds of problems Maciel would face in dealing with such evidence. Maciel informed the court that he understood and still desired to represent himself. Therefore, we conclude that Maciel was aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self representation. See Balough, 820 F.2d at 1487. To the extent Maciel is arguing that he did not have the legal abilities to handle his case, his technical legal knowledge is irrelevant to the assessment of his knowing exercise of the right to defend himself. See Faretta, 422 U.S. at 836.
 
 Denial of Medicine
 
 13
 Maciel contends that he was denied a fair trial because he was deprived of necessary medicine during trial. This contention lacks merit.
 
 
 14
 The record indicates that the trial court conducted a hearing on Maciel's allegations that he was not receiving his medication during the trial. After hearing testimony, the trial court found that medication was available to Maciel and that Maciel did not have his medication "only because of inadvertence on [Maciel's] part or lack of effort on [Maciel's] part to take the pills." Moreover, the trial court was concerned about Maciel's allegations of ill health and ordered a medical examination. Based on the results of the examination and discussions with the doctors, the trial court found that Maciel was physically able to conduct his own defense. We must presume that the trial court's findings that Maciel's medication was available and that Maciel was physically able to conduct his own defense are correct. See 28 U.S.C. 2254(d), Sumner, 449 U.S. at 546-47; Palmer, 985 F.2d at 458.
 
 Prosecutorial Misconduct
 
 15
 Maciel contends that he was denied a fair trial because the prosecutor remarked on the credibility of the witnesses, including Maciel, during the closing argument. This contention lacks merit.
 
 
 16
 The relevant inquiry is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). The prosecution is afforded reasonable latitude to fashion closing arguments. United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991). Inherent in this latitude is the freedom to argue reasonable inferences based on the evidence. Id. In cases that reduce to which of two conflicting stories is true, it may be reasonable to infer, and hence argue, that one of the two sides is lying. Id.
 
 
 17
 Here, because the jury was confronted with conflicting testimony, it was reasonable for the prosecutor to argue that one of the sides was lying. See id. Therefore, reviewing the prosecutor's statements in light of the entire record, we conclude that these statements did not deprive Maciel of any constitutional rights. See Donnelly, 416 U.S. at 643.
 
 Unanimous Verdicts
 
 18
 Maciel contends that the verdicts in his case were not unanimous and, therefore, he was improperly convicted. This contention lacks merit.
 
 
 19
 The record clearly indicates that the jury was unanimous as to all verdicts. The judge polled each juror on each count that the jury found Maciel guilty of; each juror stated that their verdict was "guilty." Therefore, there is no factual foundation for Maciel's contention that the verdicts in his case were not unanimous.
 
 Sentence Under Cal.Penal Code § 667(a)
 
 20
 Maciel contends that he was improperly sentenced to two five year enhancements pursuant to Cal.Penal Code § 667(a). Maciel argues that section 667(a) violates equal protection guarantees because it allows prosecutors to treat some recidivist serious offenders differently than other recidivist serious offenders.
 
 
 21
 Federal habeas relief is unavailable for an alleged error in the interpretation or application of state law. Miller v. Vasquez, 868 F.2d 1116, 1119 (9th Cir.1989), cert. denied, 111 S.Ct. 1591 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). In order to state a prima facie case that a sentencing statute violates the fourteenth amendment's equal protection clause, a petitioner must allege that the statute is unevenly applicable to criminal defendants and unevenly applied. See McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir.1991). A mere demonstration of inequality is not enough; the Constitution does not require identical treatment. See id.
 
 
 22
 To the extent Maciel is challenging the interpretation and application of section 667(a), this claim is not cognizable in a petition for writ of habeas corpus. See Miller, 868 F.2d at 1119; Middleton, 768 F.2d at 1085.
 
 
 23
 To the extent Maciel is arguing that his sentence under section 667(a) violates equal protection guarantees, we conclude that he has not alleged sufficient facts to establish a prima facie case of uneven application. See McQueary, 924 F.2d at 835. Maciel must make an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises. See id. This he has not done; therefore, he has not stated a cognizable equal protection claim. See id.
 
 Sufficiency of Information
 
 24
 Maciel contends that the information did not describe the nature of the offense (e.g., oral copulation, intercourse, sodomy, touching, caressing, fondling, etc.) or the method utilized to complete the act (e.g., penis, mouth, hands, fingers, etc.). Maciel argues that, therefore, he was denied due process for lack of specificity in the information. This contention lacks merit.
 
 
 25
 The sixth amendment guarantees that a criminal defendant a fundamental right to be clearly informed of the nature and the cause of the accusations against him. Nevius v. Sumner, 852 F.2d 463, 471 (9th Cir.1988), cert. denied, 490 U.S. 1059 (1989). The defendant must be provided with a description of the charges against him in sufficient detail to enable him to prepare his defense and plead double jeopardy in a later prosecution. Id. When a criminal defendant is provided with correct statutory citations to the offenses he receives adequate notice of the charges against him. Lincoln v. Sunn, 807 F.2d 805, 813 (9th Cir.1987).
 
 
 26
 Here, the information filed accused Maciel of violating, inter alia, Cal.Penal Code §§ 288(a), (b). Maciel was provided with the correct statutory citations to the offense he was charged with; therefore he had adequate notice of the charges against him. See id. Moreover, the record indicates that Maciel was able to prepare his defense: he called character witnesses, testified in his own defense, and attacked the credibility of the victims. Therefore, the information adequately informed Maciel of charges against him. See Nevius, 852 F.2d at 471; Lincoln, 807 F.2d at 813.
 
 Coercion of Jury
 
 27
 Maciel contends that the verdict was coerced because the trial court compelled the jury to continue further deliberations after the jury reported it was deadlocked on some counts. This contention lacks merit.
 
 
 28
 A trial judge's decision whether to declare a mistrial when he considers that the jury is deadlocked is accorded great deference, because the trial judge is in the best position to evaluate the relevant facts. See Arizona v. Washington, 434 U.S. 497, 510 (1978); United States v. Cawley, 630 F.2d 1345, 1348 (9th Cir.1980). If the jury states that it cannot agree, the judge is required to question the jury to determine whether the deadlock could be overcome by further deliberations. Cawley, 630 F.2d at 1349.
 
 
 29
 Here, a communication from the jury to the judge stated that the jury had reached a verdict on counts seven, eight, and nine, but was unable to reach a conclusion on counts one through six. After carefully cautioning the jury that he did not want to hear whether it was leaning towards innocence or guilt as to any particular count, the judge asked the jury some questions. Upon inquiry, the judge learned that the jury had only deliberated on count one. The judge then instructed the jurors that they were required by law to deliberate on each count separately and individually. At this point, a juror asked that the court reread the instructions on reasonable doubt. The court complied and the jury retired. Several hours later, the jury returned with the verdicts.
 
 
 30
 Therefore, we conclude that the verdict was not the result of significant pressures from the judge rather than the considered judgment of all the jurors. See Washington, 434 U.S. at 509; Cawley, 630 F.2d at 1349.
 
 Assistance of Counsel
 
 31
 Maciel contends that he received ineffective assistance of trial counsel and appellate counsel. This contention lacks merit.
 
 
 32
 To make out a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's actions were deficient and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-690 (1984); Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992). To demonstrate counsel's deficiency, the petitioner must show that counsel's actions were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690; Hendricks, 974 F.2d at 1109. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Hendricks, 974 F.2d at 1109.
 
 
 33
 Here, Maciel argues that his trial counsel dismissed several witnesses and refused to file various motions. Maciel's allegations, however, fail to establish that his trial counsel's actions were deficient or that they prejudiced his trial. See Strickland, 466 U.S. at 687-90; Hendricks, 974 F.2d at 1109.
 
 
 34
 Maciel also argues that his appellate counsel failed to raise six claims which he himself received permission to raise. Maciel's allegations, however, also fail to establish that his appellate counsel's actions were deficient or that they prejudiced his appeal. See Strickland, 466 U.S. at 687-90; Hendricks, 974 F.2d at 1109.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, to forego the assistance of counsel, the request must be unequivocal. Adams, 875 F.2d at 1444. Maciel does not allege that his request was unequivocal
 
 
 [2]
 Maciel's motion for leave to file "Exhibit 1" is denied. Maciel did not present the material to the district court and has not shown that the material was unavailable when the district court considered his petition