FERNANDEZ, Circuit Judge:
 

 Jose Luis L. (Jose), a juvenile, appeals his conviction for juvenile delinquency, 18 U. S.C. §§ 5031-37, arising out of possession with the intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(D). We reverse.
 

 BACKGROUND
 

 On October 16, 1991, at 3:00 a.m., Border Patrol Agents Hall and Edwards were tracking four sets of fresh human footprints discovered one and one-half miles north of the United States-Mexico border. The footprints split off: Agent Edwards followed a single set of footprints while Agent Hall followed three sets. Edwards came upon a 25-30 pound bundle of marijuana at the end of the footprints he was following.
 

 At 6:30 a.m., Agent Gonzales found Jose and two adult males walking in the desert not far from Hall’s tracking location. Gonzales knew at that time that Agent Edwards had discovered marijuana. The three admitted that they were illegal aliens and said they were walking north to the town of Wilcox, Arizona to look for work. Wilcox was seventy miles from where the three were found. Gonzales, who had also been tracking footprints,, determined that the three males were the ones who left the footprints he was following, and that one set'of those prints belonged to Jose. Gonzales arrested the three males and took them to Agent Hall’s location one-half mile away.
 

 Meanwhile, Agent Hall found three bundles of marijuana at the end of the footprints he was tracking. There were numerous footprints surrounding the bundles, and a sock was tied to a tree ten feet east of the bundles. Hall also determined that the footprints belonged to the three males, and that one set belonged to Jose. Jose was not wearing socks at the time of his arrest.
 

 At a bench trial on October 30,1991, Jose was found guilty of juvenile delinquency for possession with the intent to distribute less than 50 kilograms of marijuana. He was sentenced to five years probation. He now resides in Mexico.
 

 DISCUSSION
 

 Jose argues that there was insufficient evidence of his possession of the marijuana.
 
 [1]
 
 We agree. There would be sufficient
 
 *545
 
 evidence to sustain Jose’s conviction if after “viewing the evidence in the light most favorable to the prosecution,
 
 any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
 

 Jose and his two companions were found one-half mile from the location of the marijuana bundles in the desert. However, “[m]ere proximity to the drug, presence on the property where it is located, or association with the person who controls the drug is insufficient to support conviction for possession.”
 
 United States v. Savinovich,
 
 845 F.2d 834, 837 (9th Cir.),
 
 cert. denied,
 
 488 U.S. 943,109 S.Ct. 369, 102 L.Ed.2d 358 (1988). There was clear evidence of an illegal drug venture: 100 pounds of marijuana were hidden in athletic bags a few miles from the Mexican border.
 
 See United States v. Mayes,
 
 524 F.2d 803, 807 (9th Cir.1975) (110 pounds of marijuana, hidden, one mile from the Mexican border, contained in backpack and flour sacks). There were four sets of footprints which started at the Mexican border and led to and away from the caches of marijuana. One of those sets of footprints belonged to Jose.
 

 However, the footprint evidence only establishes Jose’s presence at the marijuana cache at some point; it does not establish that Jose actually possessed or carried one of the bundles of marijuana. Jose and his companions could have stumbled across the bundles after they illegally crossed the border through the desert to look for work in the United States. Having seen the bundles, they might have decided to have nothing to do with the drugs and have simply gone on their way. No evidence supports a contrary conclusion.
 

 Moreover, even if Jose’s companions did carry the marijuana over the border, there is no evidence that Jose himself carried a bundle.
 
 See Delgado v. United States,
 
 327 F.2d 641, 641-42 (9th Cir.1964) (no evidence of individual’s possession of marijuana where the marijuana was found in a nightstand in the bedroom where both the defendant and his common law spouse slept). Agent Gonzales testified that the bundles were small enough that one person could carry two of them. Gonzales also admitted that from the footprints he tracked,, he could not tell if Jose had carried a bundle himself. Furthermore, there is no evidence that Jose aided or abetted the crime. His mere presence at the cache and his accompanying his companions across the border does not establish that he furthered the commission of a crime in any way.
 

 This case differs from
 
 United States v. Mayes,
 
 where the defendant was found in the desert and his tracks led to a stash of marijuana. 524 F.2d at 805. In
 
 Mayes,
 
 the evidence consisted of the defendant’s suspicious story explaining his presence in the desert, marijuana sweepings found in the defendant’s pockets, and tracks leading to a marijuana cache in the desert. Mayes explained his presence in the desert by telling the Border Patrol agents that he was a United States citizen who had been in Tijuana the night before, where he had gotten drunk, been robbed, and had then been driven 60 miles into the desert and dumped. He claimed he later awoke, proceeded north, and crossed the border on foot. The agents backtracked Mayes’ footprints and found that they joined others and led to a cache containing 110 pounds of marijuana in a crevice between two boulders. His strange story, the fact that he would had to have come upon the drugs and, apparently, the smugglers who simply let him pass on, and the rest of the evidence were enough to prove his guilt. His conviction was therefore affirmed.
 

 The evidence in Jose’s case is not as strong as that in
 
 Mayes;
 
 it is considerably weaker. First, Jose gave a plausible story explaining his presence in the desert. He admitted that he was an illegal alien and stated that he had crossed the border and was walking to look for work. That story is entirely consistent with his actions of crossing the border from Mexico at night and walking north toward a town in Arizona. Second, no evidence of actual possession, such as the sweepings found in
 
 *546
 
 Mayes’ pockets, was found on Jose’s person. Therefore, only Jose’s footprints at the cache and his sockless feet remain. But those footprints are entirely consistent with Jose’s story that he was accompanying his companions in crossing the border to look for work. They alone supply insufficient reason to decide that he was in possession of the marijuana bundles. His mere presence at the location of the cache and the fact that a sock was there but he was not wearing socks will not support a conviction for possession of drugs. To hold otherwise is tantamount to making every person present at a crime a participant. Indeed, it would fix guilt upon people who stumble across contraband, even if they do not touch it. Therefore, we hold there was insufficient evidence to support Jose’s conviction for possession of marijuana with the intent to distribute.
 
 [2]
 

 CONCLUSION
 

 Jose surreptitiously trudged across the border between Mexico and the United States during the early morning hours in the fall of 1991. He says he came to find work as so many have done before hiim and as so many others will in the future. Perhaps he brought some marijuana with him; perhaps not. We do not say there was no reason to suspect that he did. We do say that the mere fact that his footprints traced a path from the border to a drug cache and then on deeper into the interior of this country is not enough to prove beyond a reasonable doubt that he possessed those drugs. Thus, his conviction must be set aside.
 

 REVERSED.
 

 [1]
 

 . Generally, "[t]o prove the element of possession, the government need not demonstrate ‘exclusive actual possession; it may be satisfied by proof; of constructive or joint possession.’”
 
 United States v. Chambers,
 
 918 F.2d 1455, 1457 (9th Cir.1990). However, the government con
 
 *545
 
 cedes that this case is solely one of actual possession.
 

 [2]
 

 . Given this determination, we need not consider Jose’s additional argument that there was insufficient proof that the substance was marijuana.