990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George POMALES, Defendant-Appellant.
 No. 92-30056.
 United States Court of Appeals, Ninth Circuit.
 March 15, 1993.
 
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On appeal from his conviction of possession of cocaine with intent to distribute and use of a firearm in relation to a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), George Pomales claims that the district court erred in denying his motions for a Franks hearing, to suppress evidence, and for judgment of acquittal, and in excluding evidence of the culpability of a third party.
 
 
 3
 We AFFIRM.
 
 BACKGROUND FACTS
 
 4
 On July 15, 1991, police executed a search warrant on an apartment in Tacoma. Pomales denied that he lived in the apartment, which was rented by his girlfriend. The officers found documents related to Pomales, men's clothing, a man's wallet, $11,700 cash and a shortened shotgun. Behind the apartment, beyond a three-foot high wire fence, police found a blue canister which matched a canister set in the kitchen, containing small baggies and razor blades. Pomales' fingerprint was lifted from this canister. Underneath a drainage block close to the backdoor officers found a package of 14 baggies matching those in the canister, each containing 10 cocaine rocks.
 
 DISCUSSION
 1. Motion for a Franks Hearing
 
 5
 In the search warrant application Officer McAlpine stated that on February 21, 1991, she participated in the arrest of Pomales and other individuals and seizure of cocaine. Pomales claims that McAlpine recklessly omitted that the charges against him arising from that arrest were dismissed without prejudice and that he was entitled to a hearing, pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to investigate McAlpine's veracity.
 
 
 6
 Proof that an affiant referred to a prior arrest in a search warrant application, but failed to state that defendant was not prosecuted, does not alone constitute a substantial preliminary showing which warrants a Franks hearing. See United States v. DiCesare, 765 F.2d 890, 895 (9th Cir.), amended, 777 F.2d 543 (1985); United States v. Jakobetz, 955 F.2d 786, 803 (2d Cir.), cert. denied, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992); cf. United States v. Stanert, 762 F.2d 775, 781 (9th Cir.), amended, 769 F.2d 1410 (1985) (affiant actually possessed information that defendant had not been convicted following his arrest for possession of cocaine). Pomales did not demonstrate that McAlpine knew, or even should have known, that the arrest in which she participated culminated in the dismissal of charges against him.
 
 
 7
 More importantly, Pomales cannot show that the omission, when added to the affidavit, undermined the finding of probable cause. See Stanert, 762 F.2d at 782. The fact that the charges against Pomales were dismissed for lack of evidence does not detract from McAlpine's observation of Pomales in the presence of cocaine five months earlier or the informant's observations of drug activity.
 
 2. Motion to Suppress
 
 8
 Pomales argues that probable cause for the search warrant did not exist because the informant's statements were stale and not sufficiently detailed, and there was no independent police corroboration.
 
 
 9
 Pomales did not present evidence to support his allegation that Officer McAlpine received the information regarding Pomales' activities prior to the date stated in her affidavit. Even if the information in the affidavit were three weeks old, probable cause still existed, since Pomales' arrest five months earlier and the informant's knowledge of past transactions demonstrated a pattern of ongoing drug activity. United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986).
 
 
 10
 McAlpine's affidavit showed that within 72 hours a confidential informant personally observed rock cocaine packaged for sale inside the apartment, and the informant had previously observed Pomales conduct transactions with other individuals inside the apartment and hide cocaine on his person. The informant's reliability was shown by the provision of accurate information in the past, participation in two controlled buys, involvement in the local drug scene for two years, and knowledge of drug prices and packaging. McAlpine knew Pomales from her prior contact in arresting him.
 
 
 11
 Corroboration and detail increase confidence in an informant's reliability or basis of knowledge. Angulo-Lopez, 791 F.2d at 1397. Where, as here, reliability and basis of knowledge are otherwise demonstrated, corroboration and detail are less important. See id. at 1396. The district court did not err in concluding that the search warrant was supported by probable cause. See United States v. Ayers, 924 F.2d 1468, 1477-79 (9th Cir.1991).
 
 3. Sufficiency of Evidence
 
 12
 Pomales contends that the evidence is insufficient to sustain his conviction. The government was required to prove that Pomales (1) knowingly (2) possessed cocaine (3) with intent to distribute. United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991).
 
 
 13
 Knowledge and intent to distribute may be inferred from the large amount of cash, the division of cocaine into small packages, and the presence of packaging materials and the shortened shotgun. See United States v. Mora, 876 F.2d 76, 77-78 (9th Cir.1989); United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988).
 
 
 14
 In this case, the evidence supported a determination that Pomales had dominion and control over the apartment, and that while he was in charge of it a large amount of cash and a sawed off shotgun were brought into it and hidden. Moreover, a canister which had been in the kitchen had become filled with drug paraphernalia and had been taken to the backyard. It had Pomales' fingerprint on it. Finally, the unique drug packaging materials also matched the materials surrounding the drugs themselves, which were hidden within easy reach of the apartment. Given all of this, we cannot say that a reasonable jury could not find possession beyond a reasonable doubt. See United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989); United States v. Castillo, 866 F.2d 1071, 1088 (9th Cir.1988).
 
 
 15
 Pomales cites a number of cases to support his claim of insufficiency of the evidence. All are easily distinguishable. For example, United States v. Vasquez-Chan, 978 F.2d 546, 550-51 (9th Cir.1992), was a case where the overwhelming evidence showed that the drugs belonged to someone other than the defendants and no cash or weapons were found. United States v. Jose Luis L., 978 F.2d 543, 544 (9th Cir.1992), was a case where the only evidence against the defendant was a series of footprints in the sand. And Ocampo, 937 F.2d at 488-89, was a case where the only evidence was a single fingerprint on the outside of a truck.
 
 
 16
 4. Exclusion of Evidence of Third Party Culpability
 
 
 17
 Pomales argues that the district court denied his constitutional right to present a defense by excluding evidence that Ignacio Penalber-Sosa, who was in the apartment when the search warrant was executed, committed the crime. Pomales points to no part of the transcript where he made an offer of proof and he does not explain precisely what he expected to show. Taken alone, questions about Penalber-Sosa's wealth are rather remote from a demonstration of his criminality. In the absence of an offer of proof to the district court, this court cannot review Pomales' claim. See Fed.R.Evid. 103(a)(2). Thus, the district court did not abuse its discretion in excluding evidence.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3