15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Angel LOPEZ-MOLINA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Manuel SANTA MARIA, Defendant-Appellant.
 No. 93-10049.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1993.
Decided Feb. 2, 1994.
 
 Before: SKOPIL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gilbert and Victor Santa Maria and Angel Lopez-Molina appeal the denial of their motion to suppress marijuana, burlap bags, and rope found in a search by Border Patrol agents of Gilbert Santa Maria's mobile home and the travel trailer adjacent to it. Lopez-Molina also argues that the evidence against him is insufficient to sustain his convictions.
 
 
 3
 In a separate opinion, we reverse Gilbert Santa Maria's conviction. Here, we address the convictions of Victor Santa Maria and Angel Lopez-Molina. We have jurisdiction, 28 U.S.C. Sec. 1291, and while we believe the evidence suffices to affirm Lopez-Molina's convictions, we remand on the question of both Victor Santa Maria and Lopez-Molina's standing to challenge the Border Patrol's search of Gilbert Santa Maria's trailer.
 
 
 4
 * Victor Santa Maria and Lopez-Molina argue that they have standing to object to the search of the trailer because they were overnight guests in the mobile home, and that the trailer was part of the mobile home's curtilage. There is no dispute that both have standing with respect to the mobile home. However, the district court made no findings as to their standing to object to the search of the trailer. In light of our opinion in Gilbert Santa Maria's appeal, holding that the Border Patrol lacked authority to search the trailer for drugs, this determination becomes crucial. It is clear that "a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure." United States v. Padilla, 113 S.Ct. 1936, 1939 (1993).
 
 
 5
 We therefore remand to the district court to determine whether or not Victor Santa Maria and Lopez-Molina had either a property interest in the trailer or a reasonable expectation of privacy that was invaded by the search. Id.
 
 II
 
 6
 Lopez-Molina also contests his convictions on sufficiency of the evidence grounds. He was convicted of (1) possession with intent to distribute marijuana, 21 U.S.C. Sec. 841(a)(1), (2) importation of marijuana, 21 U.S.C. Sec. 952(a), and (3) conspiracy to import and to possess with intent to distribute marijuana, 21 U.S.C. Secs. 963, 846. There is sufficient evidence to support a conviction if " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 7
 For importation, the government must prove Lopez-Molina (1) knowingly or intentionally (2) imported (3) marijuana. United States v. Mayes, 524 F.2d 803, 807 (9th Cir.1975).
 
 
 8
 To prove conspiracy, the government must show (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of that objective, and (3) the intent necessary to commit the underlying offense. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987).
 
 
 9
 To prove possession with intent to distribute marijuana, the government must establish that Lopez-Molina (1) knowingly (2) possessed the marijuana (3) with intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). "Mere proximity to contraband, presence on property where it is found and association with a person or persons having control of it are all insufficient to establish ... possession." United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988). However, constructive possession, which is sufficient, can be shown by "circumstantial evidence that the defendant had ... the ability to produce the drug ... or that the defendant had exclusive control or dominion over property on which contraband narcotics are found.... Constructive possession may also be proved by the defendant's participation in a 'joint venture' to possess a controlled substance." United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986) (internal quotations omitted).
 
 
 10
 The evidence shows, in the light most favorable to the government, that Lopez-Molina was present at the mobile home when the marijuana was found. He was wearing shoes which had a similar heel print to prints found on the tracked trail which led to the trailer where the marijuana was found. He had a mark on his left shoulder that could have come from carrying some of the sugar sacks containing marijuana found in the trailer. The trailer was locked with a key kept in the mobile home where he was staying to which all the occupants had access. An agent testified that Lopez-Molina admitted to him that he knew there was marijuana in the trailer though he said he been told only that morning.
 
 
 11
 Lopez-Molina argues that the footprint, by itself, is insufficient to establish that Lopez-Molina backpacked the marijuana from Mexico to the shed. United States v. Jose Luis L., 978 F.2d 543 (9th Cir.1992). But Jose Luis L. is distinguishable because Lopez-Molina lacked a plausible explanation for the footprints. He simply denies he was on the trail. In Jose Luis L., Jose admitted he was on the trail but said he entered the United States to look for a job. Lopez-Molina's testimony is thus inconsistent with the other evidence while Jose Luis L.'s testimony was not. In addition, here the tracks end up at the trailer on Santa-Maria's property where Lopez-Molina was staying.
 
 
 12
 Although Lopez-Molina testified that he had never been on that trail, the jury could rationally have not believed him. Likewise, he testified that he never said he knew about the marijuana; however the jury could have believed the agent's testimony that Lopez-Molina admitted that he knew marijuana was in the trailer.
 
 
 13
 The jury could therefore have found beyond a reasonable doubt that Lopez-Molina was on the trail backpacking the marijuana. From that, it could infer he possessed the marijuana with intent to distribute it, and that he was acting in furtherance of the conspiracy which both Santa Marias admitted. Furthermore, along with the Santa Marias, he had access to the key that locked the trailer. This suffices to establish control over the marijuana.
 
 
 14
 Thus, if the marijuana is not suppressed, there is sufficient evidence to support Lopez-Molina's convictions.
 
 
 15
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3