21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian CEVALLOS VARGAS, Petitioner-Appellant,
v.
Robert BORG, Warden; Attorney General of California,
Respondents-Appellees.
 No. 93-56428.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Cevallos Vargas filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. Sec. 2254. He claimed that there was insufficient evidence to support his convictions. The district court denied the petition. We affirm.
 
 BACKGROUND
 
 3
 Vargas and Jose Francisco Ochoa were regular customers of Leonardo Lopez, the owner of a nightclub. Lopez would often chat with them while they were in his nightclub and talk freely about his business and his family. On the night of December 8, 1985, Ochoa was sitting at the bar of the nightclub. After watching Lopez leave with the cash receipts, Ochoa asked the bartender where he could make a phone call, then left. Ochoa was next seen in a nearby Denny's Restaurant, where Lopez frequently went after leaving the nightclub. Ochoa looked around nervously, sat down briefly, and left hurriedly before Lopez arrived.
 
 
 4
 When Lopez opened the door to his home later that night, a man grabbed him from behind, held a gun against his head, and forced him back outside the house. Lopez was led to a car, where two other men were waiting in the front seats. Lopez could not see the faces of the these two men, and they never spoke. As soon as Lopez was put in the back seat of the car, he was tied up and blindfolded.
 
 
 5
 The men drove Lopez to a house, where they searched him and robbed him of $10,000. Lopez was blindfolded the entire time he was at the house. He never saw the men who kidnapped him. Lopez's abductors knew a great deal about his family and his business dealings, including the recent sale of one of his restaurants. They threatened to kill him and his family if he did not pay ransom. After holding Lopez captive for twenty hours, the men released him and gave him an hour him to bring $80,000 to a phone booth at a parking lot outside a Bob's Big Boy.
 
 
 6
 Once freed, Lopez immediately called the police. A police officer accompanied Lopez to the Bob's Big Boy and watched him place a package above a telephone. No one picked up the package, and the officer removed it. Over the next eight days, Lopez and his family received numerous telephone calls in which the callers demanded money and made threats. On December 16, a caller instructed Lopez to bring $100,000 to the same phone booth at midnight.
 
 
 7
 The police staked out the area around the phone booth. They saw Vargas drive a red Pontiac into the parking lot and park it facing south, toward the phone booth. Ochoa sat beside him in the car. Another defendant, Luis Roberto Delgadillo was standing in the parking lot when Lopez arrived. Delgadillo watched Lopez place the package in the phone booth. Once Lopez had left, Delgadillo picked up the package and began walking southbound. A police officer pursued Delgadillo, apprehended him, and retrieved the package.
 
 
 8
 While the police were pursuing Delgadillo, Vargas started the Pontiac and sped away to the north. Two officers in a police car chased the Pontiac, which at times reached a speed of seventy miles an hour. When the police eventually stopped the Pontiac, they found two guns on the floor of the car. Delgadillo's fingerprints were on one of the guns and on the interior of the car.
 
 
 9
 A jury convicted Vargas and Ochoa of kidnapping, robbery, burglary, and conspiracy, and of being armed with firearms during the commission of the first three offenses. Delgadillo was acquitted on all counts. The California Court of Appeal affirmed Vargas's conviction, and the California Supreme Court denied his petition for review. Concluding that there was sufficient evidence to support the jury's verdict, the district court denied Vargas's petition for writ of habeas corpus. Vargas appeals.
 
 DISCUSSION
 
 10
 We review de novo the district court's denial of a petition for writ of habeas corpus. We presume that the state court's factual findings are correct, pursuant to 28 U.S.C. Sec. 2254(d), unless one of the exceptions enumerated in section 2254(d) applies. Palmer v. Estelle, 985 F.2d 456, 457 (9th Cir.), cert. denied, 113 S.Ct. 3051 (1993).
 
 
 11
 When a petitioner claims the evidence was insufficient to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The record indicates that there is sufficient evidence to support Vargas's convictions on all the crimes charged.
 
 
 12
 The prosecution may meet its burden of proof by weaving together incriminating circumstantial evidence. United States v. Stauffer, 922 F.2d 508, 514 (9th Cir.1990). Because Lopez could not identify his kidnappers, the prosecution based its case on circumstantial evidence linking Vargas to the crimes. The kidnappers had detailed information about Lopez's business and family. Lopez had talked frequently with Vargas about both these topics. On the night Lopez delivered the second package to the phone booth, Vargas appeared to be waiting for him in the Pontiac. When the police apprehended Delgadillo, Vargas sped away and led the police on a high speed chase. Although the jury eventually acquitted Delgadillo, it could reasonably have inferred from his fingerprints in the Pontiac and on the gun that Vargas had driven to the parking lot to pick up the money. The guns found in the car also suggested that Vargas did not have an innocent purpose in mind. United States v. Vasquez-Chan, 978 F.2d 546, 551 (9th Cir.1992) (noting that a defendant's possession of guns supports an inference of guilt). In addition, Ochoa was sitting in the Pontiac with Vargas. A reasonable juror could have concluded that Ochoa's conduct on the night of Lopez's abduction was further evidence that the two friends were involved in the kidnapping.
 
 
 13
 Vargas argues that there were numerous innocent explanations for his conduct. He emphasizes that the government bore the burden of proving beyond a reasonable doubt the incriminating explanations it advanced at the trial. Id. But the fact that a jury could have accepted alternative explanations is not a sufficient basis for overruling this jury's verdict. "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326. Although the government bears the burden of proof beyond a reasonable doubt, "the government's evidence need not exclude every reasonable hypothesis consistent with innocence." United States v. Miller, 688 F.2d 652, 663 (9th Cir.1982).
 
 
 14
 In the case cited by Vargas, there were not merely conflicting explanations for the defendants' conduct. Instead, the evidence submitted by the prosecution failed to support the elements of the crimes charged. For example, when a defendant is accused of possession with intent to distribute drugs, the mere presence of the defendant near the drugs is not sufficient to prove that the defendant knew about the drugs and was capable of exercising dominion and control over them. See, e.g., United States v. Jose Luis L., 978 F.2d 543, 545-46 (9th Cir.1992); United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988). Here, Vargas's presence at the phone booth was just one piece of the evidence linking him to Lopez's kidnapping. Stauffer, 922 F.2d at 515 n. 7 (stating that when viewed in context of other evidence, proximity to an illicit activity may support an inference that the defendant was involved in the activity). Viewing all of the evidence in the light most favorable to the prosecution, we conclude that a reasonable jury could have found Vargas guilty of the crimes charged.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3