110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis GUERRERO-GUTIERREZ, Defendant-Appellant.
 No. 96-50338.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Guerrero-Gutierrez appeals his jury conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Guerrero-Gutierrez contends that his conviction was not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 There is sufficient evidence to support a conviction if " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 To prove possession with intent to distribute marijuana, the government must establish that Guerrero-Gutierrez (1) knowingly (2) possessed the marijuana (3) with intent to distribute it. 21 U.S.C. § 841(a)(1); United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991).
 
 
 5
 The evidence here was sufficient to support a finding that Guerrero-Gutierrez knowingly possessed the marijuana found by the Border Patrol. While the circumstantial evidence against Guerrero-Gutierrez in this case is not as strong as in United States v. Mayes, 524 F.2d 803 (9th Cir.1975), it is stronger than the evidence presented in United States v. Jose Luis L., 978 F.2d 543 (9th Cir.1992). Unlike the defendant in United States v. Jose Luis L., 978 F.2d 543 (9th Cir.1992), who admitted to entering the U.S. illegally to seek work and who was traveling north, Guerrero-Gutierrez did not offer a plausible explanation for his suspicious presence and movements. Guerrero-Gutierrez's footprints were found going north directly to the cache of marijuana, and then back south toward the border. Only six sets of footprints were found going to and away from the marijuana and there were six duffel bags that weighed approximately fifty pounds each. Although there were no strap marks, the straps were padded and Guerrero-Gutierrez was sweating heavily which is consistent with carrying a load.
 
 
 6
 Viewing the evidence in the light most favorable to the prosecution, the court concludes that it is sufficient to sustain the jury's finding that Guerrero-Gutierrez knowingly possessed the marijuana. See Mayes, 524 F.2d at 808.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3