141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Juvenile MALE, Defendant-Appellant.
 No. 97-50337.
D.C. No. CR 97-1285-LCN.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 19, 1998.
 
 Appeal from the United States District Court for the Southern District of California Leland C. Nielsen, Senior Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 E.M.F. appeals the district court's finding, after a bench trial, of juvenile delinquency under 18 U.S.C. § 5032 arising out of his possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends that the government presented insufficient evidence of possession because only the unreliable testimony of one witness tied him to marijuana found by border patrol agents. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 At trial, border patrol agents testified that they found a group of people standing by a road in a desolate area at night. As the agents approached, the people fled, and only two, E.M.F. and Jose Amezcua-Hernandez, were caught. Fifty yards away, the agents found six duffel bags of marijuana. One of the agents noticed a "slight indentation" and a "little ... red discoloration" on E.M. F.'s shoulder. Amezcua testified that he, E.M. F., and four others had carried the duffel bags, which smelled of marijuana, across the border from Mexico, and that E.M.F. had been present during conversations in which the importation of marijuana had been discussed.
 
 
 4
 E.M.F. contends that this evidence was insufficient to establish his possession of the marijuana because Amezcua testified in the hope of receiving a favorable sentencing recommendation, and nothing else tied E.M.F. to the duffel bags. See United States v.. Jose Luis L., 978 F.2d 543, 545 (9th Cir.1992) (mere proximity to drug or association with person who controls it insufficient to support conviction for possession).
 
 
 5
 Viewing the evidence in the light most favorable to the government, we disagree. See id. at 544-45 (viewing evidence in light most favorable to prosecution, court of appeals must determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt). First, a court of appeals cannot make determinations regarding a witness's credibility. See United States v. Hubbard, 96 F.3d 1223, 1226 (9th Cir.1996). Second, in addition to E.M. F.'s proximity to the duffel bags and Amezcua, his flight, the mark on his shoulder, and two agents' testimony that the bags smelled of marijuana also supported the finding of possession. See United States v. Cain, 130 F.3d 381, 382 (9th Cir.1997) (person possesses something if he knows of its presence and has physical control of it).
 
 
 6
 Accordingly, we AFFIRM the district court's judgment.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3