**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Esteban CORRAL–GASTELUM,**
**Defendant–Appellant.**

**No. 99–10582.**

United States Court of Appeals,
Ninth Circuit.

Filed June 18, 2001

Before: REINHARDT, LEAVY, and SILVERMAN, Circuit Judges.

## ORDER

A majority of the panel has voted to deny Appellee's Petition for Panel Rehearing. Judge Silverman dissents and files the following opinion:

SILVERMAN, Circuit Judge, dissenting from the denial of the petition for rehearing:

I am persuaded that we decided this case incorrectly and, therefore, that the government's petition for panel rehearing should be granted.

The first time around, it appeared to me that this case was controlled by *United States v. Jose Luis L.*, 978 F.2d 543 (9th Cir.1992). Both cases involve a defendant apprehended near a cache of drugs in the Arizona desert close to the Mexican border. There, however, the similarity ends. In *Jose Luis L.*, the defendant "gave a plausible story explaining his presence in the desert. He admitted that he was an illegal alien and stated that he had crossed the border and was walking to look for work. That story is entirely consistent with his actions of crossing the border from Mexico at night and walking north toward a town in Arizona." *Id.* at 545. Given the evidence adduced, it was just as likely that the defendant happened upon the marijuana in the desert as that he brought it there. That is why we held that the evidence was insufficient to support a verdict of guilty.

In our case, the defendant and his companions tripped a Border Patrol sensor in the middle of nowhere—a rugged, desolate location in the Agua Fria Wash—and were found ten minutes later buzzing around a 216–pound marijuana cache. The defendant was armed with a loaded 9 mm handgun. Border Patrol agents found footprints leading from the defendant's companions to the marijuana bun-

dles thirty yards away. The defendant and his companions attempted to flee when confronted by the agents. Unlike *Jose Luis L.*, there was no evidence presented to the jury from which an inference could be drawn that the defendant and his companions were merely illegal aliens passing by. In fact, there was no evidence that they were aliens at all. Likewise, there was no evidence from which an inference could be drawn that the defendant and his companions had ventured to this god-forsaken location for some other reason, *e.g.*, that they were lost travelers, or on a wilderness trek, making a movie, or anything else. The bottom line is: there was circumstantial evidence that the marijuana found in this desolate area was theirs, and no evidence, as there was in *Jose Luis L.*, to support a contrary inference.

"The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." *United States v. Mares*, 940 F.2d 455, 458 (9th Cir.1991). Because I am now convinced that the district judge was correct—that the evidence adduced was sufficient to support a guilty verdict—I would grant the government's petition for rehearing and affirm the conviction.