UNITED STATES of America,
Plaintiff—Appellant,

v.

Jasmine Demarkus LUSK,
Defendant—Appellee.

No. 01–30348.

D.C. No. CR–00–00564–JAR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided July 24, 2002.

Before GOODWIN, T.G. NELSON, and
W. FLETCHER, Circuit Judges.

MEMORANDUM *

A jury convicted defendant Jasmine
Lusk ("Lusk") of felony possession of a
firearm in violation of 18 U.S.C.
§ 922(g)(1). Lusk subsequently moved for

---

* The Honorable Thomas J. Whelan, United
States District Judge for the Southern District
of California, sitting by designation.

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

judgment of acquittal, arguing that the evidence was insufficient to support a finding that he actually possessed the firearm at issue. The district court granted Lusk's motion, and the government appeals. Because the parties are familiar with the factual and procedural background of this dispute, we do not recount it here.

The government contends that the evidence was sufficient to support the jury's verdict, and accordingly that the district court erred in granting Lusk's motion for acquittal. Specifically, the government challenges the district court's reliance on *United States v. Jose Luis L.*, 978 F.2d 543 (9th Cir.1992) and *United States v. Corral–Gastelum*, 240 F.3d 1181 (9th Cir. 2001). The court relied on these cases to support its holding that Lusk's "mere proximity" to the gun found in the backyard of 3725 NE 17th was insufficient to sustain Lusk's conviction. According to the government, the district court's reliance on this authority was improper because Lusk's case is not a "mere proximity" case.

In *Jose Luis*, border agents were tracking human footprints just north of the United States–Mexico border. At one end of the footprints the agents found three bundles of marijuana. A sock was tied to a tree ten feet from the bundles. At the other end of the footprints, the agents found the defendant and two companions. The trio admitted that they were illegal aliens and claimed that they were heading north to Wilcox, Arizona, to look for work. While questioning the three men, the agents noticed that the defendant was not wearing socks.

The defendant was arrested and subsequently convicted of possession of marijuana. This court reversed, finding that there was insufficient evidence that the defendant possessed the marijuana. In reaching its conclusion, the court empha-sized (1) that the footprint evidence was entirely consistent with the defendant's story, i.e., that he was an illegal immigrant heading north to look for work (*id.* at 546); and (2) that although the footprint evidence established the defendant's presence at the marijuana cache at some point, it did not establish that the defendant actually possessed or carried one of the bundles of marijuana. *Id.* at 545. The court concluded: "[the defendant's] mere presence at the location of the cache and the fact that a sock was there but he was not wearing socks will not support a conviction for possession of drugs. To hold otherwise is tantamount to making every person present at a crime a participant." *Id.* at 546; *see also United States v. Corral–Gastelum*, 240 F.3d 1181 (9th Cir.2001) (holding that "mere proximity" to a drug stash is insufficient to support a conviction for drug possession).

The government attempts to distinguish *Jose Luis* and *Corral–Gastelum* from the immediate case on the ground that, here, before the gun was found, the officers made observations consistent with the defendant's possession of a gun, *e.g.*, the officers observed Lusk holding his coat pocket as he fled from the authorities. The government is correct that the officers' observations provide a type of circumstantial evidence that was not present in either *Jose Luis* or *Corral–Gastelum*, namely, eyewitness accounts consistent with the defendant actually possessing the contraband that the indictment charged him with possessing; in both *Jose Luis* and *Corral–Gastelum* the agents did not observe the defendants carrying anything consistent in size or shape with marijuana bundles.

Lusk clutching his jacket pocket, however, is merely circumstantial evidence that Lusk was carrying *something* in his jacket pocket. Maybe it was a gun, maybe it was not. Whatever it was, there is no evidence

connecting the item in Lusk's jacket pocket with the gun found in the backyard of 3725 NE 17th. Nor is there any physical evidence connecting Lusk to either the backyard of 3725 or the gun found in that backyard. There is even less evidence of possession here than there was in *Jose Luis*, where footprints placed the defendant at the location where the marijuana was found.

Moreover, as in *Jose Luis*, Lusk's story is entirely consistent with his conduct. Lusk claimed that he ran from the officers because of the warrant out for his arrest. The officers, in fact, were attempting to serve Lusk with a warrant. Thus, Lusk's attempt to evade the authorities could have had nothing to do with possession of a gun.

The government also points to some circumstantial evidence which it claims connects Lusk with the backyard and the gun. For example, Jack Scrivener, who was not at home on the day of the officers' pursuit of Lusk, described at trial how an individual in the alley between 3715 and 3725 and heading northbound would have to hop a fence into the backyard of 3725. Even if the jury credited this testimony, and made the further inference that Lusk did hop the fence between 3715 and 3725, Lusk's presence in the backyard of 3725 would not, of itself, establish beyond a reasonable doubt that he possessed the gun later found in that backyard. Mere proximity is insufficient to establish possession.

Lastly, the government contends that the district court misinterpreted the testimony of Officer Gibson. Assuming *arguendo* that the government is correct, this contention does nothing to further the government's cause. At trial, Gibson stated: "I can't testify that there was someone [in the backyard of 3725 NE 17th] ... and I can't testify that there was not someone there." Gibson's testimony was neutral on the issue of whether Lusk had been in the backyard of 3725, and consequently it does not support the government's theory of the case, i.e., that Lusk was in the backyard.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App.P. 34(a)(2).

** Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the