**Gary Skipper PALMER, Petitioner–Appellant,**

v.

**Wayne ESTELLE, Warden, Respondent–Appellee.**

**No. 91–55812.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 1992 *.

Decided Feb. 2, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Lisa J. McLeod, Deputy State Public Defender, Los Angeles, CA, for petitioner-appellant.

Edward T. Fogel, Jr., Senior Asst. Atty. Gen., Los Angeles, CA, for respondent-appellee.

Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.

WALLACE, Chief Judge:

California state prisoner Palmer appeals from the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. Palmer challenges his conviction for second degree murder and assault with a deadly weapon on the ground that the selection of his jury violated the requirements of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (*Batson*). This appeal presents the narrow, factual question of whether the trial court, after implicitly finding a prima facie case of improper exclusion of Black jurors, failed to evaluate the prosecutor's explanations for these exclusions and relied instead on the fact that some Blacks remained on the jury. The district court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253, and we affirm.

I

During jury selection, Palmer, who is Black, repeatedly moved for a mistrial, accusing the prosecutor of peremptorily striking prospective Black jurors for racial reasons. Following each motion, the trial court solicited and listened to the prosecutor's explanations regarding his exercise of the peremptories in question. The trial court also heard extensive argument from Palmer's counsel.

The trial court ultimately denied each of Palmer's motions. In so doing, the trial court stated that it had listened carefully to the voir dire examination of each prospective juror. The court did not, however, make any express findings as to whether the prosecutor's explanations regarding his use of peremptories were legitimate or pretextual. The court did observe several times that some Blacks remained in the jury box and that the prosecutor had used

some of his peremptory challenges against non-Blacks. The court also stated that it did not agree with Palmer's contention that the prosecutor had challenged some non-Blacks as a ploy to disguise his intentionally discriminatory use of peremptories.

Palmer appealed his conviction and argued that the trial court erroneously denied Palmer's *Batson* motions solely because some Blacks remained on the jury and some non-Blacks had been stricken. California's Court of Appeal rejected this contention in a split decision. After reviewing the record in its entirety, the Court of Appeal found that the trial court "was not solely relying on the presence of nonexcluded Black jurors, but relied on her evaluation of the prosecutorial explanations.... [S]he listened intently to the voir dire of each juror and implicitly found that there was no discernible, intentional, deliberate exclusion of Blacks on a racial basis...." Palmer appealed to the California Supreme Court, but that Court denied review.

After exhausting his state remedies, Palmer filed a petition for a writ of habeas corpus in the district court, pursuant to 28 U.S.C. § 2254. The district court denied Palmer's petition. The court concluded that the record was ambiguous and that in such circumstances the findings of the state appellate court must be upheld.

## II

■ We review the district court's denial of a petition for habeas corpus de novo. *Thomas v. Brewer*, 923 F.2d 1361, 1364 (9th Cir.1991). Factual findings by state trial and appellate courts are presumed to be correct, pursuant to 28 U.S.C. § 2254(d), unless one of the eight exceptions enumerated in section 2254(d) applies. *See Sumner v. Mata*, 449 U.S. 539, 546–47, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981) (section 2254(d) presumption of correctness applies to state appellate courts' factual determinations); *Nevius v. Sumner*, 852 F.2d 463, 469 (9th Cir.1988) (following *Mata*), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989).

Palmer argues on appeal that the state trial court failed to follow the dictates of *Batson*. In *Batson*, the Supreme Court held that a single strike of a Black juror for a racial reason violates the equal protection clause. 476 U.S. at 95–96, 106 S.Ct. at 1722; *see United States v. Bishop*, 959 F.2d 820, 827 (9th Cir.1992) (*Bishop* ). The Court instructed the trial court how to analyze whether an unconstitutional strike has occurred: (1) the defendant must make a prima facie showing of intentional discrimination; (2) the prosecutor must then explain the challenges on race-neutral grounds; and (3) the trial court must "determine if the defendant has established purposeful discrimination." *Batson*, 476 U.S. at 96–98, 106 S.Ct. at 1723–1724. In formulating this analytical framework, the Court expressly declined to devise "particular procedures to be followed upon a defendant's timely objection to a prosecutor's challenges." *Id.* at 99, 106 S.Ct. at 1724–1725.

■ Even without formally established procedures, a trial court may not rely solely on the fact that some Blacks remain on a jury after selection is completed. *See Bishop*, 959 F.2d at 827 (citing *Batson* ). A trial court may, however, take into account a prosecutor's acceptance of Black jurors when determining whether the prosecutor has intentionally discriminated against Blacks. *Id.* Thus, a trial court may consider, but may not rely solely on, the existence of Blacks on a jury when determining whether a prosecutor has violated *Batson*.

In this case, the trial court solicited the prosecutor's explanations regarding his exercise of peremptory challenges, and thus implicitly found that Palmer had made a prima facie showing of intentional discrimination. The trial court, however, ultimately upheld the prosecutor's use of his peremptory challenges. In reviewing the trial court's decision, the state appellate court concluded that the trial court "was not solely relying on the presence of nonexcluded Black jurors, but relied on her evaluation of the prosecutorial explanations." Palmer recognizes that this is a factual

finding and is therefore presumed to be correct under section 2254(d). He argues, however, that one of the exceptions in section 2254(d) applies, namely that which allows a federal court to overturn a state court's factual findings when, after considering the record as a whole, the court concludes that those findings are "not fairly supported by the record." 28 U.S.C. § 2254(d)(8).

 Where the record is ambiguous, a state appellate court's factual findings are deemed to be "fairly supported by the record" within the meaning of section 2254(d)(8). *Wainwright v. Goode,* 464 U.S. 78, 85, 104 S.Ct. 378, 383, 78 L.Ed.2d 187 (1983); *see also Neuschafer v. McKay,* 807 F.2d 839, 841 (9th Cir.1987) (following *Wainwright* and observing that courts of appeals "are instructed to give the benefit of the doubt to a state appellate court's reading of a record on appeal just as we would to a state trial court's findings of fact").

The district court concluded that the record in this case is ambiguous. Based on *Wainwright* and *Neuschafer,* the district court accepted the state appellate court's factual findings and accordingly denied Palmer's habeas petition. We agree that the record is ambiguous and can be read either to support or refute Palmer's petition. On the one hand, the trial court did comment several times on the number of Blacks that remained in the jury box. On the other hand, the trial court stated that the proper "inquiry [is] to determine whether there is a discernible, intentional, deliberate exclusion of any particular group of people from the jury panel." The trial court recognized that its duty was to investigate whether "the prosecution is so obviously utilizing a racial bias for its peremptory challenge ... [that] no other good legal cause exists." Moreover, the trial court also solicited and listened to the prosecutor's explanations regarding his use of peremptories. If Palmer's contention was correct, and the trial court actually believed that the presence of nonexcluded Blacks on the jury doomed any *Batson* motion, there would have been no reason for the court to solicit and evaluate the prosecutor's explanations.

As the Supreme Court concluded in *Wainwright,* where the record is ambiguous, we would err if we substituted our view of the facts for that of the state appellate court. 464 U.S. at 85, 104 S.Ct. at 382–383. We therefore affirm the denial of Palmer's petition.

AFFIRMED.