8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador Castro VASQUEZ, Petitioner-Appellant,
v.
Eddie MYERS, Warden, Respondent-Appellee.
 No. 92-16564.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1993.*
Decided Oct. 5, 1993.
 
 Before: POOLE, BOOCHEVER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Castro Vasquez, a California state prisoner, appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2254. Vasquez challenged his jury conviction for second degree murder. He argued that his constitutional rights were violated because the trial court failed to instruct the jury properly and because the prosecutor exercised her peremptory challenges to keep Hispanic women off the jury. We have jurisdiction under 28 U.S.C. § 2253 and affirm.
 
 A. Failure to Instruct Jury Properly
 
 3
 Normally, a claim that challenges the propriety of a jury instruction under state law cannot reasonably be construed to allege a deprivation of federal rights. Van Pilon v. Reed, 799 F.2d 1332, 1342 (9th Cir.1986). "[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." Estelle v. McGuire, --- U.S. ----, ----, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991); Willard v. California, 812 F.2d 461, 463 (9th Cir.1987). "Undesirable, erroneous, or even universally condemned instructions may survive due process scrutiny." Van Pilon, 799 F.2d at 1342. "The only question for us is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " McGuire, --- U.S. at ----, 112 S.Ct. at 482 (citation omitted).
 
 
 4
 At trial, the court instructed the jury generally on manslaughter and on heat-of-passion. Vasquez argues that the trial court should have sua sponte instructed the jury as to how the "cooling off" period applies to the emotion of fear, which Vasquez claims intensifies rather than diminishes over time. Vasquez claims that this instruction was necessary because he stabbed Wills out of fear in the context of a heat-of-passion defense.
 
 
 5
 Although Vasquez was aware of Wills' propensity for violence, Vasquez did not show that he was particularly afraid of Wills. No evidence suggested that Wills carried any ill will towards Vasquez or that Wills conducted himself in a manner that might have provoked increasing fear in Vasquez. Thus, even if a special fear instruction were required on demand, Vasquez has failed to show that he was entitled to have the court give that instruction sua sponte. See Willard, 812 F.2d at 464 (failure to instruct on specific intent was harmless error). The failure to give the instruction sua sponte did not infect Vasquez' trial and render it fundamentally unfair. See Van Pilon, 799 F.2d at 1342.
 
 B. Peremptory Challenges
 
 6
 A defendant is denied equal protection of the laws when individuals are purposefully excluded from the jury because of their race. United States v. Bishop, 959 F.2d 820, 823 (9th Cir.1992); see Powers v. Ohio, --- U.S. ----, 111 S.Ct. 1364, 1366, 113 L.Ed.2d 411 (1991) (defendant and excluded juror need not share the same race). In reviewing a trial court's factual findings regarding an exclusion claim, we are extremely deferential. Palmer v. Estelle, 985 F.2d 456, 458 (9th Cir.1993). In fact, under habeas review, "this is a factual finding and is therefore presumed to be correct under section 2254(d)." Id. at 458-59.
 
 
 7
 Here, the state used six of eight peremptory challenges to strike six women from the jury. Two of those striken, Ms. Peralez-Lopez and Ms. Guerra, had Hispanic surnames. Vasquez objected to the prosecutor's use of her peremptory challenges to exclude Ms. Peralez-Lopez and Ms. Guerra from the jury. He claimed it was because of their race. The prosecutor responded that, in fact, she did not much like young women on the jury, although some were acceptable. She added that there were things she particularly disliked about these two prospective jurors--attitude and dress--but that race was not a factor. The trial court asked whether individuals could be excluded from the jury based on their gender and age. The prosecutor and defense counsel responded that young women were not a cognizable group for purposes of an exclusion challenge. The trial court was satisfied that the prosecutor's challenges to Ms. Peralez-Lopez and Ms. Guerra were race-neutral and denied Vasquez' motion to quash the jury.
 
 1. Race-based Challenge
 
 8
 After hearing the prosecutor's explanation, the trial court concluded that Ms. Peralez-Lopez and Ms. Guerra were excluded for reasons other than their race; this conclusion is one of fact and presumptively correct. See Palmer, 985 F.2d at 458-59. It was also supported by the record.
 
 2. Gender-based Challenge
 
 9
 The trial court asked both counsel whether exclusion on grounds of gender was permissible, and both parties answered that young women were not a cognizable group. Vasquez' case became final on April 18, 1990 when the California Supreme Court denied review. At that time, women had not been found to be a cognizable group for purposes of a challenge. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and its progeny referred only to race. Nearly two years later, this court finally extended Batson to encompass peremptory strikes based on gender. United States v. De Gross, 960 F.2d 1433, 1438 (9th Cir.1992) (en banc).
 
 
 10
 The trial court's ruling did not explicitly address Vasquez' gender based challenge. Nevertheless, Vasquez' argument fails because even if the rule in De Gross could be applied retroactively,[1] Vasquez failed to establish purposeful discrimination based on gender. Although the prosecutor held a self-admitted general bias toward young women, her reasons for excluding the two Hispanic women went beyond their age and gender. Cf. De Gross, 960 F.2d at 1442. The prosecutor disliked Ms. Peralez-Lopez' demeanor and Ms. Guerra's appearance. Those dislikes were not related to gender. The prosecutor sustained her burden by offering gender-neutral, as well as race-neutral, explanations for her challenges. Vasquez failed to show that those reasons were pretextual.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Generally, a petitioner may not raise a claim for habeas relief based on a "new rule" that had not been announced at the time the petitioner's conviction became final. Teague v. Lane, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989) (plurality); Greenawalt v. Ricketts, 943 F.2d 1020, 1025 (9th Cir.1991), cert. denied, --- U.S. ----, 113 S.Ct. 252, 121 L.Ed.2d 184 (1992)