19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Florian TAONG, Petitioner-Appellant,
v.
George SUMNER, Director, Department of Public Safety, State
of Hawaii; ROBERT MARKS, Attorney General, State
of Hawaii, Respondents-Appellees.
 No. 93-16799.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Florian Taong, a Hawaii state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Taong contends that the prosecutor in his trial for second degree murder impermissibly exercised peremptory challenges to exclude men from the jury. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Equal protection prohibits the prosecution from using its peremptory challenges to strike venirepersons on the basis of gender. United States v. De Gross, 960 F.2d 1433, 1438-39 (9th Cir.1992) (en banc). Such claims are evaluated in three steps: first, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of gender. Id. at 1442; see Hernandez v. New York, 111 S.Ct. 1859, 1866 (1991) (race-based discrimination). The burden then shifts to the prosecutor to articulate a neutral explanation for striking the venirepersons in question. Hernandez, 111 S.Ct. at 1866; De Gross, 960 F.2d at 1442. The trial court must then determine whether intentional discrimination has been shown. Hernandez, 111 S.Ct. at 1868.
 
 
 4
 We accord a presumption of correctness to the state court's factual findings. 28 U.S.C. Sec. 2254(d); Hernandez, 111 S.Ct. at 1869. The state court's determination that no intentional gender discrimination occurred in selecting the jury is a factual finding. See Johnson v. Vasquez, 3 F.3d 1327, 1329 (9th Cir.1993); Palmer v. Estelle, 985 F.2d 456, 458 (9th Cir.), cert. denied, 113 S.Ct. 3051 (1993).
 
 
 5
 Here, the prosecutor used five peremptory strikes against male venirepersons, one against a female venireperson, and waived the remainder. After the third peremptory strike against a male, Taong's counsel objected. At a bench conference, the prosecutor stated that he struck the venireperson (Smith) "simply [because] I just had some trouble with some of the answers, the way he was responding to some of the questions being made from both sides." Following the fourth peremptory strike against a male, the prosecutor stated that he was concerned that the man (Ishikawa) could not be impartial because of prior court experience. The prosecutor stated, after the fifth peremptory strike against a male (Waiwaiole), "I had some concerns about the way he was responding to the questions that I posed.... I also had some concerns about the number of prior trials that he has been involved in. It seems in the criminal cases that he has been in juries that have all related in acquittals." The trial court overruled the defense's objections that the prosecutor was exercising peremptory challenges on the basis of gender.
 
 Venireperson Smith
 
 6
 We find that Taong established a prima facie case of gender discrimination as to venireperson Smith. See De Gross, 960 F.2d at 1442 (prima facie case established where prosecutor used seven of eight peremptory challenges against males). The prosecutor's response was neutral, although perhaps not as specific as it could have been. See Hernandez, 111 S.Ct. at 1866 (unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed neutral). We note that the prosecutor's voir dire centered on Smith's employment and the legal troubles of Smith's employer, rather than on any explicitly gender-based topics. Furthermore, we accord a presumption of correctness to the state appellate court's finding that the indictment of a number of high-ranking officials at Smith's place of employment provided the prosecutor with a satisfactory reason for challenging Smith. See 28 U.S.C. Sec. 2254(d); Hernandez, 111 S.Ct. at 1869. Accordingly, we find that the prosecutor articulated a sufficient neutral explanation for striking Smith.
 
 
 7
 Furthermore, there is no evidence in the record that the prosecutor intentionally exercised his peremptory challenges to exclude males from the jury. Absent such evidence, Taong cannot show that his equal protection rights were violated. See Hernandez, 111 S.Ct. at 1867-68.
 
 Venirepersons Ishikawa and Waiwaiole
 
 8
 Because the prosecutor offered a neutral explanation for his peremptory challenges of Ishikawa and Waiwaiole, we need not determine whether Taong has established a prima facie case of gender discrimination as to these potential jurors. See Hernandez, 111 S.Ct. at 1866 (once prosecutor offers neutral explanation, whether defendant made prima facie showing becomes moot); United States v. Bishop, 959 F.2d 820, 824 (9th Cir.1992) (same). The state appellate court found that these challenges were based on gender-neutral grounds, and we accord this finding a presumption of correctness. See Johnson, 3 F.3d at 1329; Palmer, 985 F.2d at 458. The prosecutor is entitled to strike a potential juror on the basis of prior court experience. See Thompson, 827 F.2d at 1260 (prosecutor may exclude juror who acquitted in prior case). Furthermore, Taong has indicated no evidence in the record that these proffered explanations were a mere pretext for gender discrimination. See Hernandez, 111 S.Ct. at 1867-68 (evidence must show not simply that high percentage of protected group was excluded from jury, but that prosecutor intended to exclude such persons because of their membership in the protected group). Accordingly, the exclusion of these male venirepersons did not violate Taong's equal protection rights.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Taong's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3