24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Norman SHAW, Jr., Petitioner-Appellant,
v.
Lloyd F. HAMES, Commissioner, Respondent-Appellee.
 No. 93-35995.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norman Shaw, Jr., an Alaska state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Shaw contends that his equal protection rights were violated when the prosecutor in his trial for first degree robbery impermissibly exercised a peremptory challenge to exclude the only African-American venireperson from the jury. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 The Equal Protection Clause prohibits the prosecution from using its peremptory challenges to strike venirepersons on the basis of race. Batson v. Kentucky, 476 U.S. 79, 98 (1986); Monteil v. City of Los Angeles, 2 F.3d 335, 339-40 (9th Cir.1993). Such claims are evaluated in three steps: first, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Hernandez v. New York, 111 S.Ct. 1859, 1866 (1991); Palmer v. Estelle, 985 F.2d 456, 458 (9th Cir.), cert. denied, 113 S.Ct. 3051 (1993). The burden then shift to the prosecutor to articulate a neutral explanation for striking the venirepersons in question. Hernandez, 111 S.Ct. at 1866; Palmer, 985 F.2d at 458. The trial court must then determine whether intentional discrimination has been shown. Hernandez, 111 S.Ct. at 1868; Palmer, 985 F.2d at 458.
 
 
 4
 We accord a presumption of correctness to the state court's factual findings. 28 U.S.C. Sec. 2254(d); Hernandez, 111 S.Ct. at 1869. The state court's determination that no intentional race discrimination occurred in selecting the jury is a factual finding. Johnson v. Vasquez, 3 F.3d 1327, 1329 (9th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3693 (U.S. Apr. 6, 1994) (No. 93-1575); Palmer, 985 F.2d at 458.
 
 
 5
 Here, the prosecutor used a peremptory strike against P.C., the only African-American venireperson. The entire venire was asked whether they had ever been charged with a crime of theft. P.C. answered negatively. The prosecutor asked P.C. whether he had ever had any unpleasant experiences with the Alaska Police Department; P.C. again responded negatively. The prosecutor then exercised a peremptory strike against P.C.
 
 
 6
 Anticipating an objection based on Batson, the prosecutor stated that he was striking P.C. because he had previously been charged with shoplifting, according to a computer report. The prosecutor indicated that P.C.'s denials of previous contact with the police and previous theft charges "really raises issues in my mind whether or not he's being truthful in the jury box." The prosecutor indicated further that P.C.'s denials prevented him from exploring the area further on voir dire without alienating P.C. Shaw's counsel conceded that, if P.C. was in fact previously charged with shoplifting, the prosecution had sufficient grounds for a peremptory challenge. However, Shaw's counsel requested that P.C. be questioned directly about this prior arrest and allowed the opportunity to deny involvement, thus raising the possibility that another person of the same name had suffered the arrest. The prosecutor noted that P.C.'s date of birth matched the date listed on the computer printout. The trial court refused the request for further questioning of P.C., and allowed the peremptory strike.
 
 
 7
 Because the prosecutor offered a neutral explanation for his peremptory challenge of P.C., we need not determine whether Shaw has established a prima facie case of race discrimination. See Hernandez, 111 S.Ct. at 1866 (once prosecutor offers neutral explanation, defendant's prima facie showing becomes moot); United States v. Bishop, 959 F.2d 820, 824 (9th Cir.1992) (same). The Alaska Court of Appeals found that this challenge was based on a race-neutral ground, and we accord this finding a presumption of correctness. See Johnson, 3 F.2d at 1329; Palmer, 985 F.2d at 458. The prosecutor is entitled to strike a potential juror on the basis of suspected dishonesty. Furthermore, Shaw has indicated no evidence in the record that the proffered explanation was a mere pretext for race discrimination. See Hernandez, 111 S.Ct. at 1867-68 (evidence must show that prosecutor intended to exclude venirepersons because of the membership in a protected racial group).
 
 
 8
 Shaw argues that he was denied the opportunity to expose the prosecutor's argument as pretextual because he was not allowed to conduct further voir dire of P.C. Specifically, Shaw argues that he should have had the opportunity to allow P.C. to deny that he was the person named in the criminal report, which would eliminate the prosecution's reason for striking P.C. from the jury. This contention has no merit.
 
 
 9
 Shaw relies on this Court's decision in United States v. Alcantar, 897 F.2d 436 (9th Cir.1990), in which we held that a criminal defendant was entitled to a new trial because the hearing regarding the reasons for challenged peremptory strikes was held two years after the trial, when very little information about the jurors was available to the parties. In that case, we stated that the defense must be given an opportunity to hear and respond to the prosecution's neutral explanations for striking jurors: "[i]n order for defense counsel to meaningfully perform his role with regard to rebutting the prosecution's supposed neutral reasons for striking minority jurors, he needs to be given the opportunity to ... point out that the prosecutor's claims about the particular juror are false." Id. at 438. We also noted that, had the hearing been held at trial, the jurors could have been recalled and questioned regarding the assumptions made by the prosecutor.
 
 
 10
 Shaw contends that Alcantar stands for the proposition that "this Circuit has extended the scope of relevant inquiry beyond the facial neutrality of the prosecutor's asserted justification, to include the factual validity of the prosecutor's claim." We disagree. Shaw misunderstands the nature of the inquiry required by Batson. The prosecutor is required only to articulate a neutral explanation for striking the juror in question. The defense then has an opportunity to demonstrate that the explanation given is pretextual; that is, that the prosecutor has actually excused the juror because of the juror's race. Here, unlike in Alcantar, there is no evidence--and Shaw does not suggest--that P.C. was actually excused because of his race, nor that he was excused because of a race-based assumption by the prosecutor. Even if P.C. had been questioned and it had been determined that the criminal report did not refer to him, this would not show that the prosecutor's proffered explanation was pretextual or that P.C. was excused because of his race. Accordingly, because the procedure requested by Shaw could not have provided proof of discriminatory intent, it is not required by our decision in Alcantar.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3