78 F.3d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy McCONNELL, Petitioner-Appellant,
v.
James H. GOMEZ, Respondent-Appellee.
 No. 95-15997.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1995.*
Decided Feb. 29, 1996.
 
 Before: HUG, HALL, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy McConnell appeals the district court's denial of habeas corpus relief. He argues that California's standards for determining whether prosecutors exercise peremptory challenges in a constitutional manner, People v. Wheeler, 22 Cal.3d 258, 583 P.2d 748, 148 Cal.Rptr. 890 (1978), does not comply with the federal standards enunciated in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.
 
 DISCUSSION
 
 3
 Because the California Court of Appeal resolved McConnell's direct appeal by finding that his Wheeler-Batson motion was untimely under California's procedural rules, McConnell is barred from raising this claim in a subsequent federal proceeding. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). Although there is a presumption of federal review whenever the state court fails to make a clear and express statement of procedural bar, Harris v. Reed, 489 U.S. 255, 262-63, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); see also Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), the Supreme Court has stated unambiguously: "a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." Harris, 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10. In this case, the state court took the Court at its word, and held alternatively that McConnell had waived his motion by failing to make it in a timely manner, and that McConnell's motion failed on its merits. See also Thomas, 945 F.2d at 1122.[1]
 
 
 4
 Even had McConnell made a timely objection, though, McConnell's Wheeler-Batson claim would not have been successful on the merits. McConnell's claim of discrimination is founded on the prosecution's striking three out of five African-Americans from the jury. Thus, two of five jurors passed the prosecution's scrutiny and served on the jury. This fact weighs against McConnell's claim, but it is not dispositive. See Turner v. Marshall, 63 F.3d 807, 812-13 (9th Cir.1995); Palmer v. Estelle, 985 F.2d 456, 458 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 3051, 125 L.Ed.2d 735 (1993); United States v. Bishop, 959 F.2d 820, 827 (9th Cir.1992). Furthermore, as the trial court noted, there clearly was ample reason to strike one of the three from the jury.
 
 
 5
 McConnell's claim, therefore, rests solely on the fact that the prosecution struck two or three of five African-Americans. That amounted to only 12.5% to 18.75% of the peremptories used by the prosecution. Cf. Turner, 63 F.3d at 813 (prosecution used 56% of its peremptories against African-Americans). McConnell pointed to no further evidence and made no other argument to the trial judge or to the California Court of Appeal in support of his motion. He pointed to nothing but the raw fact that three African-Americans were challenged. That would be insufficient under federal standards as well. Consequently, even if California's standards could be unconstitutionally restrictive in some applications, an issue we do not decide, we can provide McConnell no relief.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McConnell suggests that his motion was timely because it would have been timely in a federal court. See, e.g., United States v. Thompson, 827 F.2d 1254, 1257 (9th Cir.1987). But California's procedural timing requirement is more exacting. See, People v. Thompson, 50 Cal.3d 134, 179, 785 P.2d 857, 883, 266 Cal.Rptr. 309, 334 (1990); People v. Ortega, 156 Cal.App.3d 63, 69-70, 202 Cal.Rptr. 657, 660-61 (1984). McConnell cites no authority for the supposition that California is required to conform its timing requirements to those used in federal court proceedings. We decline to hold that it must