83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alexander OLGUINI, Petitioner-Appellant,
v.
Samuel LEWIS, ADOC Director; Grant Woods, Attorney General,
Respondents-Appellees.
 No. 95-16151.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona prisoner Alexander Olguini appeals pro se the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. Olguini contends that: (1) he was denied a full and fair opportunity in state court to litigate his Fourth Amendment claim; (2) his trial and appellate counsel were ineffective for failing to challenge properly evidence obtained in violation of the Fourth Amendment; and (3) his sentence was illegal and constituted cruel and unusual punishment. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm for the reasons stated in the magistrate judge's March 3, 1995 Report and Recommendation, as adopted by the district court's order of May 18, 1995.[1]
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Olguini continues to assert on appeal that the search warrant did not exist or was not signed by a state magistrate, and that he is therefore entitled to an evidentiary hearing on the issue. The state courts' factual finding that the search warrant did exist is entitled to a presumption of correctness. See Burden v. Zant, 498 U.S. 433, 436-37 (1991) (per curiam); Palmer v. Estelle, 985 F.2d 456, 458 (9th Cir.), cert. denied, 113 S.Ct. 3051 (1993). Olguini failed overcome this presumption. See 28 U.S.C. § 2254(d); Tinsley v. Borg, 895 F.2d 520, 524-25 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991)