129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Winston KEMPER, Petitioner-Applicant,
v.
William A. MERKLE, Warden, Respondent-Appellee.
 No. 96-15171.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
 
 Appeal from the United Staes District Court for the Northern District of California Charles A. Legge, District Judge, Presiding. Submitted October 20, 1997**
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Winston Kemper appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1992 burglary conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision on a section 2254 petition, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 I. Batson Claim
 
 3
 Kemper contends that the trial court erred by finding that the prosecutor met his burden in justifying his peremptory challenge. We disagree.
 
 
 4
 A defendant is denied equal protection of the laws when individuals are purposefully excluded from the jury because of their race. See Batson v. Kentucky, 476 U.S. 79, 96 (1986). Batson requires prosecutors to justify peremptory challenges if the defense makes a prima facie showing that the prosecutor has used his peremptory challenges to remove potential jurors because they are the same race as the defendant. See id. at 96-97. In reviewing a trial court's factual findings regarding an exclusion claim, we are highly deferential. See Hernandez v. New York, 500 U.S. 352, 364-65 (1991); see also United States v. Bishop, 959 F.2d 820, 826 (9th Cir.1992). Under habeas review, these factual findings are entitled to a presumption of correctness under 28 U.S.C. § 2254. See Palmer v. Estelle, 985 F.2d 456, 458-59 (9th Cir.1993).
 
 
 5
 Here, the state prosecutor used two of five peremptory challenges to strike two black women from the jury. Kemper objected, claiming that the prosecutor's use of his peremptory challenges to exclude Ms. Bartlow and Ms. Miller was based on their race.[1] The prosecutor responded that "[i]n the case of Ms. Bartlow, the few questions the court allowed me to ask her, I could feel the hostility. You could cut it with a knife." The trial judge disagreed, stating "I didn't notice it at all with Ms. Bartlow," but nevertheless determined the challenge was not made for a discriminatory reason. After concluding that Ms. Miller was disqualified for non-race related reasons, the trial court denied Kemper's motion for a mistrial. See Palmer, 985 F.2d at 459 (where record is ambiguous, state court findings are deemed fairly supported by the record). Because the state court's factual findings are fairly supported by the record, we presume them to be correct. See id. at 458-59; Hernandez, 500 U.S. at 364-65.
 
 II. Prior Convictions
 
 6
 Kemper challenges the validity of three prior convictions used to enhance his 1992 sentence. See Gretzler v. Stewart, 112 F.2d 992, 1004 (9th Cir.1997) (prior state convictions used to enhance sentence may be challenged in 2254 proceeding). We reject each of Kemper's numerous challenges.
 
 A. 1989 Burglary Conviction
 
 7
 Kemper contends that his 1989 conviction is invalid because counsel failed to move to suppress evidence of a witness's positive identification of Kemper. We disagree.
 
 
 8
 Whether an identification procedure is unduly suggestive depends on the totality of the circumstances. See Neil v. Biggers, 409 U.S. 188, 199 (1972); United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985). A show-up procedure, while likely to be more suggestive than a line-up procedure, is not necessarily unduly suggestive. See Bagley, 772 F.2d at 492; United States v. Kessler, 692 F.2d 584, 585 (9th Cir.1982). In order to prevail on a claim of ineffective assistance, petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) that his counsel's errors prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Here, Kemper was arrested shortly after a fraternity house had been burglarized, and was immediately identified by a witness as the person who had entered her room in the fraternity house. The witness, without verbal or written encouragement by the police, was asked if the man they were holding was the same man who entered her room. At the change of plea hearing, counsel stated that she had considered a motion to suppress, but after discussing it with other attorneys in her office, she had come to the conclusion that no valid motion could be made. Because the in-field identification immediately after the crime was not unduly suggestive, Kemper was not prejudiced by counsel's failure to file a suppression motion. See Neil, 409 U.S. at 197; Strickland, 466 U.S. at 687.
 
 
 10
 B. 1984 Burglary Conviction In 1984, Kemper pleaded guilty to burglary. He contends that his 1984 conviction is invalid because when he waived his right to a jury trial on his prior convictions, he was not informed of his right to confront his accusers and his privilege against self-incrimination. Although Kemper was not informed of these rights when he admitted the truth of his prior convictions, the record shows that he was fully informed of his rights when he pleaded guilty to burglary. Because the enhancement to Kemper's current offense is based in part on the conviction for the 1984 offense but is not based upon the sentence then imposed, no constitutional infirmity arises out of the use of Kemper's 1984 guilty plea as a sentence enhancer.
 
 
 11
 C. 1977 Burglary Conviction Kemper contends that his 1977 conviction is invalid because the trial court should have allowed him to withdraw his plea due to his mental incapacity at the time of the plea hearing. We reject the claim as unsupported by the record.
 
 
 12
 In exchange for a 16-month sentence, Kemper agreed in 1977 to plead guilty to burglary. Kemper, however, absconded before sentencing and the trial court sentenced him to three years imprisonment. The California Court of Appeals reversed the sentence and Kemper's 16-month sentence was reinstated upon remand. At that time, Kemper never challenged his plea based on mental incapacity. Thus, we reject his current claim as it lacks any support in the record.
 
 
 13
 Kemper's contention that he was confused about the consequences of his guilty plea because he was represented by different counsel is meritless. The record indicates that a different attorney appeared on Kemper's behalf at the sentencing hearing, for which Kemper failed to appear. This fact, however, does not render Kemper's guilty plea invalid.[2]
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kemper concedes in his opening brief that the challenge to Ms. Miller was justified
 
 
 [2]
 We decline to consider Kemper's ineffective assistance of counel with regard to his 1977 and 1992 convictions because he never raised them in district court. See Swan v. Peterson, 6 F.3d 1373, 1383 (9th Cir.1993)