David Patrick LAKIN, Plaintiff,

v.

Wayne W. STINE, Defendant.

No. 96–75828.

United States District Court,
E.D. Michigan,
Southern Division.

April 8, 1999.

Margaret S. Raben, Birmingham, MI, for plaintiff.

Diane L. Galbraith, Lansing, MI, for defendant.

## ORDER AND OPINION GRANTING HABEAS CORPUS RELIEF AND REJECTING THE MAGISTRATE'S REPORT AND RECOMMENDATION.

TARNOW, District Judge.

### I. Introduction

Petitioner, David Patrick Lakin[1] filed an application for writ of habeas corpus pur-

suant to 28 U.S.C. § 2254. Mr. Lakin, prior to trial, requested new counsel several times, because counsel would not meet with him privately. He told the judge that if the court would not appoint him new counsel he would be forced to represent himself. The judge refused to appoint new counsel. Mr. Lakin was compelled to proceed without counsel. The waiver of counsel did not comply with the requirements of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The failure of the state to provide counsel was exacerbated by compelling Mr. Lakin to represent himself. Either error requires habeas relief as structural error. Therefore, the court grants habeas relief based on the finding that Mr. Lakin was denied counsel as guaranteed by the Sixth Amendment of the United States Constitution.

## II. Background

On January 26, 1990, Mr. Lakin along with four other inmates attempted a prison escape from the State Prison of Southern Michigan through a storm drainage pipe. The inmates were confronted by two guards. The inmates kidnapped the guards and they all drove away in a state vehicle. A chase ensued. Mr. Lakin, the driver of the car, stopped when he came upon a police car with an officer outside of it pointing his gun at the car.

June 26, 1990, a jury convicted Mr. Lakin and the four other inmates of kidnapping, prison escape, assault of a prison employee and unlawfully driving away an automobile. August 29, 1990, the court sentenced Mr. Lakin to 25–50 years for kidnaping, 3 1/3–5 years for prison escape, 3–4 years for assaulting a prison employee, and 3 1/3–5 years for unlawful driving away an automobile to run consecutive to his prior conviction. The sentences were to begin after his earliest release date of 2007 and a maximum release date is 2032 on his prior conviction.

Prior to the commencement of trial, Mr. Lakin expressed his concerns to the court regarding the inability to confer privately with counsel. First, on February 9, 1990, Mr. Lakin wrote a letter to the Honorable Lysle G. Hall, state district court judge, requesting substitution of counsel. In the letter Mr. Lakin detailed that when he met with assigned counsel, Mr. Darryl Mazur, in a small room in the courthouse, the two armed guards who had escorted Mr. Lakin remained in the room during the conference. Mr. Lakin requested of his attorney to have the two guards removed. Mr. Mazur refused. The presence of the two guards, Mr. Lakin wrote to the judge, prevented him from having a meaningful and privileged communication with his attorney. The Chief Circuit Court Judge of the county, the Honorable Alexander C. Perlos, responded that Mr. Lakin's concerns did not warrant a change of counsel.

The preliminary examination was held on February 14, 1990. Mr. Brandt an attorney in Mr. Mazur's law firm represented Mr. Lakin.

A second request was made on May 29, 1990. After having been bound over for trial, Mr. Lakin wrote to the Honorable Russell E. Noble, the trial judge, to again express his concerns regarding counsel.[2] Some of the problems Mr. Lakin directed the court's attention to included the fact that Mr. Brandt would not take Mr. Lakin's phone calls, would not answer his

---

1. On August 17, 1998, the court ordered appointment of Margaret Raben, Esq., who has since represented Mr. Lakin and has helped the court to better understand the various issues through her briefs and oral arguments. Diane Galbraith, Assistant Attorney General appeared on behalf of respondent. Both have aided the Court.

2. The Magistrate Judge did not have a copy of this letter when he prepared his Report and Recommendation to deny Mr. Lakin's writ of habeas corpus.

letters and would not visit Mr. Lakin to discuss the circumstances of the case.

The third time occurred during an evidentiary hearing held on June 18 and June 20 of 1990. Mr. Lakin requested replacement of counsel. Mr. Lakin cited to the fact that whenever he met with counsel there were, at a minimum, two officers present in the room. In the alternative, if the court did not find his request valid, then he asked for the opportunity to proceed *pro se*. The court denied his request for replacement of counsel. Mr. Lakin proceeded to trial *pro se*.

September 7, 1990, Mr. Lakin appealed his conviction. On June 7, 1991, he requested leave to file a supplemental brief. That motion was granted. One of the points Mr. Lakin argued in his appeal was that he was denied the right to counsel in violation of the U.S. Const. Am. VI.

June 14, 1993, the Michigan Court of Appeals affirmed his convictions in a consolidated, unpublished opinion. The Court of Appeals addressed the issues raised by Mr. Lakin's counsel, but not the issues raised in Mr. Lakin's *pro se* supplemental brief.[3] *See People v. Lakin*, No. 132531 (1993).

> Defendants convictions arise from their ultimately unsuccessful escape from the central complex of the State Prison of Southern Michigan at Jackson. **Defendants raise a number of issues, only one of which merits extensive discussion.** Defendants Chipman and Onifer argue that the trial court failed to comply with the applicable rules governing their decision to discharge counsel and to proceed *in propria persona*. While we agree that the trial court did not fully comply with the applicable court rule, we are not persuaded that reversal is required.

*Id.*, at 2; (emphasis added). The opinion only addressed Defendants Chipman and Onifer's issue. It is important to note Mr.

Lakin raised the same issue, as well as the lack of counsel due to lack of privacy. Neither were discussed.

> In the present case, the trial court clearly violated MCR 6.005(E) by not creating a record that affirmatively shows the trial court advising defendants of their right to counsel and their waiver of that right.

*Id.*, at 3. In conclusion the court wrote, "We have carefully considered the remaining issues raised by defendants. However, we conclude that they require neither retrial nor discussion. Affirmed." *Id.*, at 3.

Mr. Lakin filed an application for leave to appeal to the Michigan Supreme Court. The Court denied his motion for remand for an evidentiary hearing and denied leave to appeal. *People v. Lakin*, 444 Mich. 896, 511 N.W.2d 690 (1993).

On May 16, 1996, Mr. Lakin filed the instant petition.

### III. Standard of Review

Petitioner's application is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because his application was filed after April 26, 1996. 28 U.S.C. § 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

**3.** Standard 11 of the Administrative Order of the Michigan Supreme Court governing the assignment and responsibilities of assigned appellate counsel includes a provision allowing *pro se* supplemental briefs. Admin.Order 1981–7.

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir.1997); *cert. den* —— U.S. ——, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998). Habeas relief cannot be granted unless the state court's legal decision was contrary to, or was an unreasonable application of "clearly established" United States Supreme Court law or the state court's application of the law to the facts was an "unreasonable determination of the facts in light of the evidence …". *Id.* at (d)(1)–(2).

■ The factual determinations of a state court are presumed correct unless rebutted by convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless convincing evidence is offered to rebut this presumption. *Warren v. Smith,* 161 F.3d 358, 360–361 (6th Cir.1998); 28 U.S.C. § 2254(e)(1).

The Sixth Circuit has recently adopted a standard of review in *Nevers v. Killinger,* 169 F.3d 352 (6th Cir.1999). The Court held that the deference to the state court's judgments required under the AEDPA would be achieved by adopting the rule that the unreasonableness of a state court's application of clearly established Supreme Court precedent will not be debatable among reasonable jurists if it is so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes.

## IV. Analysis

■ The trial court denied Mr. Lakin's right to counsel as guaranteed by the Sixth Amendment to the U.S.Constitution. "In all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is so basic to our system that the actual or constructive denial of counsel is never harmless error. *Holloway v. Arkansas,* 435 U.S. 475, 489, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (quoting from *Chapman v. State of California,* 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

■ A defendant's communication with counsel is critical to the attorney's representation. *Geders v. United States,* 425 U.S. 80, 91, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). Denial of this opportunity is constitutional error requiring reversal. *Id.*

The importance of communication between attorney and client is shown by the great lengths the legal system goes in order to protect attorney-client privilege. *Swidler & Berlin, et al. v. United States,* 524 U.S. 399, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998) (Attorney-client privilege survives the death of the client).

■ Mr. Lakin was denied the right to counsel. Counsel means open and complete communication. The presence of the guards at every meeting Mr. Lakin had with his attorney prevented such communication. Mr. Lakin requested of his attorney and of the trial court to fix the situation: excuse the guards from the room and allow for private communication. No one heeded his call. The fact that Mr. Lakin was denied the opportunity to speak freely and confidentially with his attorney denied him counsel.

The state gave Mr. Lakin a person who appeared in court on behalf of him, but that person was not counsel. That person was not counsel, because there was never a time that Mr. Lakin could freely speak with him. Without communication, there was no attorney.

The criminal case involved prison guards as complainants. The presence of other prison guards in the room further constricted Mr. Lakin's communication with counsel. Mr. Lakin was being tried for kidnaping a prison guard, assaulting a prison guard and escape from prison. No

doubt such a presence would chill Mr. Lakin's communication with his attorney. The attorney should have requested that the guards stand outside of the doorway.

According to the record, during these discussions, Mr. Lakin was chained to the chair and handcuffed. To suppose that the attorney felt threatened is merely speculation. Nothing in the record indicates that the attorney was in fear. If the attorney were in fear and required guards, then he should have withdrawn as counsel, because he would not be an effective advocate. Also, to suppose that the guards presence in the room was necessary to prevent escape is wrong. Not only because Mr. Lakin was restrained with cuffs and chains, but also because the guards could have stood right outside of the doorway and prevented any ingress or egress.

The failure to provide counsel, who would confer privately with Mr. Lakin requires habeas relief.

█ In addition, in order to waive the right to counsel, the accused must be literate competent and understanding of the nature of the right and voluntarily exercising his informed free will. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *People v. Anderson,* 398 Mich. 361, 247 N.W.2d 857 (1976). The Sixth Circuit requires a review of the entire record to ascertain if an accused made an "informed insistence upon self-representation" as a precondition to a valid waiver. *United States v. Miller,* 910 F.2d 1321, 1324 (6th Cir.1990), *cert. denied* 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). A court, in order to decide if a waiver were valid, must look to see if the defendant made the choice with open eyes, or proceeded *pro se* because he felt he had no other choice. *United States v. Calabro,* 467 F.2d 973, 985 (2nd Cir.1972), cert. denied 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973). The Michigan Court of Appeals, while not addressing this issue as to Mr. Lakin, did address it as to co-defendant's Chipman and Onifer. It concluded that the trial court did not comply with the Michigan Court Rule, but found the error harmless.[4]

A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless convincing evidence is offered to rebut this presumption. *Warren v. Smith, supra;* 28 U.S.C. § 2254(e)(1). A state appellate court's findings of fact are also entitled to the presumption of correctness. *Martin v. Rose,* 744 F.2d 1245, 1252 (6th Cir.1984); *Smith v. Perini,* 723 F.2d 478, 480 (6th Cir.1983); *cert. den.* 466 U.S. 941, 104 S.Ct. 1920, 80 L.Ed.2d 466 (1984). Cases decided after the passage of the AEDPA have also applied the presumption of correctness to state appellate court findings of fact. *Bocian v. Godinez,* 101 F.3d 465, 467 (7th Cir.1996); *Bowles v. Berge,* 999 F.Supp. 1247 (E.D.Wis.1998). Additionally, when the record is ambiguous, a state appellate court's factual findings are deemed to be fairly supported by the record, and thus presumed correct, when later challenged in federal habeas corpus proceedings. *Palmer v. Estelle,* 985 F.2d 456, 459 (9th Cir.1993); *cert. den.* 509 U.S. 928, 113 S.Ct. 3051, 125 L.Ed.2d 735 (1993). Finally, the presumption of correctness accorded by a federal habeas court to factual findings of a state court applies not only to a state court's express factual findings, but also to the implicit resolution of disputes that can fairly be inferred from the state record. *Armstrong v. Young,* 34 F.3d 421, 426 (7th Cir.1994); *cert. den.* 514 U.S. 1021, 115 S.Ct. 1369, 131 L.Ed.2d 224 (1995) (cites omitted).

*French v. Jones,* 41 F.Supp.2d 726 (E.D.Mich.1999).

At oral arguments held before the court on November 9, 1998, both sides agreed that the record was complete and no clarification was necessary. The court, having

---

4. The court rule, MCR 6.005(E), is the Michigan codification of the *Faretta* requirements.

reviewed the record as complete and making all reasonable inferences, cannot conclude that Mr. Lakin had counsel or waived counsel.

■ Mr. Lakin did not waive his right to counsel. He proceeded *pro se,* not because he made a decision between counsel and no counsel. He was not given the option to have counsel. He was faced with the Hobson's choice[5] of either proceeding with an attorney only in name, but not in relationship or representing himself. Such a predicament violates the constitution's guarantee to be represented by counsel.

For these reasons, the court grants Mr. Lakin's request for writ of habeas corpus.

## V. Order

IT IS HEREBY ORDERED that Petitioner's application for writ of habeas corpus is conditionally granted. Unless the state takes action to afford Petitioner a new trial within ninety (90) days of the date of this opinion, he may apply for a writ ordering respondent to vacate the sentences for these convictions.

### *JUDGMENT*

The clerk shall enter judgment providing, "The petition for writ of habeas corpus is conditionally granted. Unless the state takes action to afford Petitioner a new trial within ninety (90) days of the date of the order, he may apply for a writ ordering respondent to vacate the sentences for these convictions."

---

5. Hobson's choice: [After Thomas Hobson (1544–1631), English liveryman, from his requirement that customers take either the horse nearest the stable door or none.] An apparently free choice that offers no actual alternative. Webster's II, New College Dictionary 526 (1995)