**Red CULBERTSON, Petitioner– Appellant,**

v.

**Joseph L. MCGRATH, Warden, Respondent–Appellee.**

**No. 05–56722.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed Aug. 20, 2007.

Patricia A. Andreoni, Esq., Sylmar, CA, for Petitioner–Appellant.

Roy C. Preminger, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: NOONAN, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM *

Culbertson's severance motion is essentially a *Bruton*[1] argument that, had his case been severed, he would have avoided the prejudicial testimony of Ramirez (a jailhouse informant) about what Knighten (Culbertson's co-defendant) allegedly said out of court. But Knighten took the stand and was subject to cross examination. Culbertson is correct that Knighten's testimony on the stand (that Knighten acted alone and never discussed the killing in the presence of Ramirez) made it especially difficult to use impeachment of Knighten to challenge Ramirez's testimony. But, for his claim to succeed, Culbertson must demonstrate that the state courts acted contrary to or unreasonably applied a decision of the United States Supreme Court.[2] He cannot. The confrontation clause is not implicated when a declarant is available for cross-examination about hearsay statements.[3]

Culbertson's argument that the trial court erroneously denied a peremptory challenge, because of overly aggressive application of *Batson*,[4] cannot withstand the deference we are required to accord to the state court determinations of fact.[5]

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Bruton v. United States*, 391 U.S. 123, 126–27, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

2. 28 USC § 2254(d); *Carey v. Musladin*, —— U.S. ——, ——, 127 S.Ct. 649, 652–53, 166 L.Ed.2d 482 (2006).

3. *Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ("Finally, we reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."); *Nelson v. O'Neil*, 402 U.S. 622, 627,

629–30, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971) ("We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments").

4. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

5. 28 USC § 2254(d)(2), (e)(1); *Tolbert v. Page*, 182 F.3d 677, 684–85 (9th Cir.1999); *Palmer v. Estelle*, 985 F.2d 456, 458–59 (9th Cir. 1993).