108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfonso MOUZON, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 95-16076.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Alfonso Mouzon appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for two counts of oral copulation, two counts of penetration by a foreign object, kidnapping, and attempted rape. Mouzon contends that: (1) the prosecutor improperly used his peremptory challenges to remove two black jurors; (2) the trial court erred by refusing to rule on his motion to exclude or limit the use of his prior conviction until he testified; (3) his due process rights were violated when the victim's medical records were admitted at his trial; and (4) his counsel was ineffective by failing to raise claims one and three on direct appeal. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 A. Peremptory Challenges
 
 3
 Mouzon contends that the trial court erred by finding that the prosecutor met his burden in justifying his peremptory challenges. We disagree.
 
 
 4
 A defendant is denied equal protection of the laws when individuals are purposefully excluded from the jury because of their race. See Batson v. Kentucky, 476 U.S. 79, 96 (1986). Batson requires prosecutors to justify peremptory challenges if the defense makes a prima facia showing that the prosecutor has used his peremptory challenges to remove potential jurors because they are the same race as the defendant. Id. at 96-97. In reviewing a trial court's factual findings regarding an exclusion claim, we are highly deferential. See Hernandez v. New York, 500 U.S. 352, 364-65 (1991); see also United States v. Bishop, 959 F.2d 820, 826 (9th Cir.1992). Under habeas review, these factual findings are entitled to a presumption of correctness under 28 U.S.C. § 2254. See Palmer v. Estelle, 985 F.2d 456, 458-59 (9th Cir.1993).
 
 
 5
 Here, the state prosecutor used two of four peremptory challenges to strike two black women from the jury. Mouzon objected, claiming that the prosecutor's use of his peremptory challenges to exclude Ms. Campbell and Ms. Cooper was based on their race. The prosecutor responded that neither Ms. Cooper nor Ms. Campbell knew anyone who had been sexually assaulted, had any training in rape prevention, or had any friends or acquaintances in a South or Central American country. He added that Ms. Cooper was very young and displayed an anti-law enforcement personality, and that both prospective jurors showed a strong degree of sympathy for Mouzon by maintaining eye contact with him. After hearing the prosecutor's explanation and observing the jurors, the trial court concluded that Ms. Campbell and Ms. Cooper were excluded for reasons other than their race. See Hernandez, 500 U.S. at 365 (noting that the prosecutor's state of mind based on demeanor and credibility is best observed by the trial judge). Because the state court's factual findings are fairly supported by the record, we presume them to be correct. See Palmer, 985 F.2d at 458-59.
 
 B. Prior Conviction
 
 6
 Mouzon contends that the trial court violated his Fifth Amendment rights by refusing to rule on his motion to exclude or limit the use of his prior conviction until he testified. Mouzon elected not to testify based on the trial court's decision.
 
 
 7
 "To raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Luce v. United States, 469 U.S. 38, 43 (1984); United States v. Olano, 62 F.3d 1180, 1206 (1995), cert. denied, 117 S.Ct. 303 (1996). Because Mouzon did not testify, he did not preserve this issue for appeal. See Luce, 469 U.S. at 43; see also Olano, 62 F.3d 1206.
 
 C. Admission of Victim's Medical Records
 
 8
 Mouzon contends that the admission of hearsay evidence violated his due process rights.
 
 
 9
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curium); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reemphasizing that federal habeas court may not reexamine state court determinations on state law questions).
 
 
 10
 Here, the trial court ruled that the medical records were admissible under the business records exception to the hearsay rule under state law, see Cal.Evid.Code, § 1271, and the victim was available for cross-examination on the out of court statements. Mouzon has failed to show any fundamental unfairness in the admission of the victim's medical records. See Bueno, 988 F.2d 87. Accordingly, the district court properly denied Mouzon habeas relief on his due process claim. See id.; see also Estelle, 502 U.S. at 67.
 
 D. Ineffective Assistance of Counsel
 
 11
 Mouzon contends that his appellate counsel rendered ineffective assistance by failing to raise on direct appeal that: (1) the state prosecutor improperly used his peremptory challenges; and (2) the admission of the victim's medical records violated his due process rights. Given our disposition of these issues, Mouzon cannot establish prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) ("The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.").
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mouzon's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3